UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDREW M.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

1:20-CV-5 (JLS)

---

## DECISION AND ORDER

Plaintiff Andrew M. brought this action under the Social Security Act (the "Act"), seeking review of a determination by the Commissioner of Social Security (the "Commissioner") that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 13. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 20. Plaintiff replied. Dkt. 23.

For the reasons below, the Court grants Plaintiff's motion in part and denies the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On March 23, 2012, Tr. 87,[2] Plaintiff applied for benefits under the Act, alleging disability beginning on February 9, 2007,[3] Tr. 141. Plaintiff's application was initially denied by the Social Security Administration on November 6, 2012. Tr. 91. Plaintiff then filed a written request for a hearing, Tr. 99, which took place before an Administrative Law Judge ("ALJ") on November 4, 2013, Tr. 30-79. The ALJ issued a written decision to Plaintiff on January 30, 2014, Tr. 11-23, denying his claim. The Appeals Council denied Plaintiff's request for review on July 20, 2015. Tr. 1-4. Plaintiff then filed his first suit in this Court, and, subsequently, the parties stipulated to remand. Tr. 690. On June 3, 2016, this Court reversed the Commissioner's decision and remanded the matter for further proceedings. Tr. 688, 689.

The Appeals Council issued a remand order on July 7, 2016, instructing the ALJ to evaluate Plaintiff's impairments under the 1.00 listings, give further consideration to the medical opinions of record and explain the weight given, give further consideration to Plaintiff's maximum RFC, and obtain clarification from the

---

[2] The filings at Dkt. 7 and Dkt. 8 are parts one and two, respectively, of the transcript of proceedings before the Social Security Administration. All references to Dkts. 7 and 8 are denoted "Tr. __."

[3] "To be entitled to disability insurance benefits ["DIB"], claimants must demonstrate that they became disabled while they met the Act's insured status requirements." *Banyai v. Berryhill*, 767 F. App'x 176, 178 (2d Cir. 2019), as amended (Apr. 30, 2019) (citing 42 U.S.C. § 423(a)(1)(A),(c)(1). The Social Security Administration uses the same five-step evaluation process to determine eligibility for both DIB and Social Security Income ("SSI") programs under the Act. *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB); 416.920(a)(4) (concerning SSI).

2

vocational expert ("VE") of the effect of Plaintiff's limitations on the occupational base. Tr. 695-96. Following a hearing on May 22, 2017, Tr. 613-46, the ALJ issued another unfavorable decision to Plaintiff on July 13, 2017, Tr. 701-713. At Plaintiff's request, the Appeals Council reviewed the ALJ's decision and issued a second remand order on July 2, 2018, vacating the ALJ's decision. Tr. 722-24. The Appeal's Council ordered the ALJ to further consider Plaintiff's maximum RFC and "provide rationale with specific reference to evidence of record in support of assessed limitations," and to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." Tr. 723. Following an additional hearing on August 15, 2019, Tr. 574-612, the ALJ issued a third unfavorable decision to Plaintiff on September 4, 2019, Tr. 553-566. Plaintiff then commenced this action. Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II. Disability Determination

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(2). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 404.1520(a)(4)(iv); (e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his collective impairments. *See id.* §404.1545. After determining the claimant's RFC, the ALJ completes step four. *Id.* § 404.1520(e). If the claimant can perform past relevant work, he is not disabled and the analysis ends. *Id.* § 404.1520(f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.* § 404.1520(a)(4)(iv).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 404.1520(a)(4)(v), (g); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

### I. The ALJ's decision

The ALJ first found that Plaintiff met the Act's insured status requirements as of September 30, 2012, the date last insured. Tr. 555. The ALJ then proceeded through the sequential evaluation process discussed above.

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date, February 9, 2007, through the date last insured, September 30, 2012; hereinafter the "relevant period." *Id.* At step two, the ALJ determined Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, status post discectomy and fusion at the L5-S1 level, and left shoulder disorder." *Id.* He also found that Plaintiff had non-severe anxiety and depression. At step three, the ALJ found that none of Plaintiff's limitations met or equaled a listed impairment in 20 C.F.R. Pt.

404, Subpt. P, App. 1. Tr. 557. In making this determination the ALJ considered listings 1.02 Major dysfunction of a joint and 1.04 Disorders of the spine. *Id.*

At step four, the ALJ determined Plaintiff had the RFC to perform sedentary work defined in 20 C.F.R. § 404.1567(a) with the following exceptions: Plaintiff "can stand up to 2/3 of the work day, walk up to 2/3 of the work day, and sit up to 2/3 of the work day; can perform occasional stooping and occasional twisting or rotation of the torso; can perform frequent kneeling, crawling, and crouching; can occasionally use ramps and stairs; can perform no balancing on uneven ground or terrain; can never use ladders, ropes, or scaffolds; can occasionally reach to shoulder height or above with left dominant arm; can frequently push and pull with the left dominant arm; can alternate sitting and standing postures at will while remaining at the workstation; and will be off task less than 15 percent of the work day." Tr. 558.

At the final step, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 564. The ALJ determined, however, that based on the testimony of VE Timothy Janikowski, Plaintiff was able to perform the requirements of other occupations in the national economy. Tr. 564-65. As such, the ALJ concluded that Plaintiff was not under a disability during the relevant period. Tr. 565.

## II. Analysis

Plaintiff makes two arguments in support of his motion. Dkt.13. First, he argues that the ALJ's step five determination was not based on substantial evidence. Dkt. 13-1 at 21. Second, he argues that the ALJ's RFC finding "with regard to off-task limitations" is not based on substantial evidence. *Id.* at 23.

7

For the reasons set forth below, Plaintiff's arguments have merit and, as such, his motion is granted in part.

### A. The specific RFC limitation for off-task time was not based on substantial evidence in the record.

An ALJ need not recite every piece of evidence that supports his decision, so long as the record "permits [the reviewing court] to glean the rationale of an ALJ's decision." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Where there is conflicting evidence in the record, it is within the discretion of the ALJ to consider such contradictions. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *see also Schaal*, 134 F.3d at 504 ("It is for the [Social Security Administration], and not this court, to weigh the conflicting evidence in the record."). Overall, however, "the crucial factors in [the ALJ's] determination must be set forth with sufficient specificity to enable [this Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citing *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir.1983) ("[T]he propriety of agency action must be evaluated on the basis of stated reasons.").

Here, the ALJ limited Plaintiff to being "off task less than 15 percent of the work day," Tr. 558, yet gave no cite to the record as the source of this specific percentage. In fact, as the Commissioner admitted, "the only medical opinion marginally suggesting a limitation for being off-task was Dr. Tan Ramon's August 4, 2011 psychiatric examination, which . . . did not quantify, let alone attempt to specify, the amount of time that Plaintiff would be preoccupied." Dkt. 20-1 at 10. "Specific RFC assessments, like percentage of time off-task, must be based on

evidence in the record, not on an 'ALJ's own surmise.'" *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610-FPG, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (citing *Cosnyka v. Colvin*, 576 Fed. App'x 43, 46 (2d Cir. 2014) (summary order)) (remanding where the ALJ improperly "translated" medical evidence indicated that the claimant needed regular breaks into a specific RFC limitation, but "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday"). Remand is warranted where the ALJ cannot point to a basis in the record upon which to rest his conclusion. *See Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014), as amended (July 30, 2014) (remanding where the ALJ's conclusion that claimant could use his hand 50% of the time was not based on any evidence in the record).

A review of the record reveals that the only mention of a "less than 15% off-task" limitation was in the testimony of VE Janikowski. VE Janikowski testified at the hearing on August 15, 2019. Tr. 574. At one point, he stated that "it's grounds for termination if [workers are] off task 15 percent or more of the time throughout the workday." Tr. 608. In contrast, however, VE Victor Alberigi testified at the hearing on November 4, 2013, that "a person would probably be able to retain a job well [sic] being off task for whatever reason for about five percent of the day." Tr. 76.

The Commissioner argues that the ALJ's "obvious reliance" on VE Janikowski's testimony rendered any discussion of VE Alberigi's testimony, let

9

alone an explanation of how the ALJ considered their conflicting opinions, unnecessary. Dkt. 20-1 at 7. In support of this argument, the Commissioner cites *Mongeur*, stating "[w]hen, as here, the evidence of record permits [the Court] to glean the rationale of an ALJ's decision, [the Court does] not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient," *id.* (quoting *Mongeur*, 722 F.2d at 1040). But here, unlike in *Mongeur*, the record does not provide the Court with any additional clarification for the ALJ's rationale. The Commissioner's *post hoc* connection between VE Janikowski's testimony and the specific off-task limitation found in the RFC, does not alone, or in conjunction with the rest of the ALJ's RFC analysis, "afford[ ] an adequate basis for meaningful judicial review" of the ALJ's process. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013); *see also Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (noting that courts may not accept *post hoc* rationalizations for agency action). "Remand is particularly appropriate where, as here, we are 'unable to fathom the ALJ's rationale in relation to the evidence in the record' without 'further findings or clearer explanation for the decision.'" *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Berry v. Schweiker,* 675 F.2d 464, 469 (2d Cir.1982)).

At best, the ALJ's conclusion comes from his "own surmise." *Cosnyka*, 576 Fed. App'x at 46. At worst, the RFC limitation for "less than 15 percent off task," Tr. 558, responds to VE Janikowski's testimony that an off-task behavior restriction of 15% or greater would be "grounds for termination." Tr. 608. If the ALJ finds

Plaintiff can be on task for more than 85 percent of the workday, "that determination must come from medical evidence or opinions in the record," not the ALJ's lay judgment. *Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *11 (W.D.N.Y. Dec. 17, 2019).

The Court also notes that the ALJ did not comply with the Appeals Council's remand order of July 2, 2018 ordering the ALJ to "provide rationale with specific reference to evidence of record in support of assessed limitations." Tr. 723. This was in violation of the Commissioner's regulations, which direct that an ALJ must "take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b).

## B. The ALJ's error in formulating the RFC resulted in an improper finding at step five that must be addressed on remand.

The ALJ's error in formulating the RFC was compounded at step five. He determined, based on VE Janikowski's testimony, that Plaintiff could perform other work and was therefore not disabled. Tr. 565. The ALJ improperly relied on the VE's testimony based on an RFC that was not based on substantial evidence. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) ("An ALJ may rely on a vocational expert's testimony as long as," the hypothetical "accurately reflect[s] the limitations and capabilities of the claimant involved"). "[S]ince the vocational expert's testimony relied on a RFC that is not supported by substantial evidence, on remand the Commissioner is directed to re-assess the weight it gave to the testimony of [the] vocational expert." *Sanders v. Comm'r of Soc. Sec.*, 506 F. App'x 74, n. 5 (2d Cir. 2012).

11

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Dkt. 13) is **GRANTED** in part, and the Commissioner's cross-motion for judgment on the pleadings (Dkt. 20) is **DENIED**. The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this opinion. **FURTHER**, the Commissioner is directed to **EXPEDITE** the re-hearing of this matter given the considerable passage of time since the filing of Plaintiff's initial application for benefits.

SO ORDERED.

Dated:   April 18, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE